CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY v. HARE.

[No. 5,385.    Filed November 1, 1905.]

1.  CARRIERS.—*Contracts Limiting Liability.*—*Consideration.*—A common carrier has the right to enter into a special contract limiting its common-law liability in the carriage of goods, provided some consideration other than the receipt of the goods and the agreement to transport is yielded.  p. 423.

2.  TRIAL.—*Carriers.*—*Contracts Limiting Liability.*—*Prima facie Case.*—Where a carrier shows a special contract executed by the shipper and itself limiting its common-law liability in the transportation of such shipper's goods, it has established a *prima facie* defense against such shipper's action for damages on account of injuries for which its liability has been negatived by such contract.  p. 424.

3.  EVIDENCE.—*Carriers.*—*Contracts Limiting Liability.*—*Admissions.*—A contract between plaintiff and a common carrier limiting such carrier's common-law liability in the transportation of plaintiff's goods, is admissible in evidence, in an action against such carrier for damages for injuries covered by such contract exemption, such contract being in the nature of an admission, and also showing upon its face a consideration for such limitation of liability.  p. 424.

4.  PLEADING.—*Tort.*—*Negativing Validity of Contract.*—A shipper, bringing an action in tort on the common-law liability of defendant carrier, must, if he has executed a contract limiting such carrier's liability, aver facts negativing the validity of such contract.  p. 424.

5.  CONTRACTS.—*Interstate Commerce Act.*—*Limiting Carriers' Common-Law Liability.*—A contract showing that defendant

railroad company reduced its freight thirty per cent in consideration of a limitation of its common-law liability is not upon its face invalid as in violation of the provisions of the interstate commerce act.   p. 424.

From Superior Court of Marion County (62,350); *James M. Leathers,* Judge.

Action by Marcus L. Hare against the Chicago, Indianapolis & Louisville Railway Company.   From a judgment for plaintiff, defendant appeals.   *Reversed.*

*E. C. Field, H. R. Kurrie, Taylor & Woods* and *L. B. Ewbank,* for appellant.

*Jameson, Joss & Hay* and *Henry J. Brandon,* for appellee.

Roby, J.—This is an action·to enforce the common-law liability of a common carrier, on account of damages suffered by live stock while being transported from Indianapolis to Chicago by appellant for appellee.   The complaint was in one paragraph, and the answer was a general denial.

Appellant offered in evidence an instrument purporting to be a special contract of carriage between the parties, limiting the liability of the carrier in various respects.   Upon appellee's objections the court excluded the offered evidence; the objection made being that the contract is invalid on its face, under an act of congress, known as the "interstate commerce act," and for the reason that appellee was not offered a choice of rates.   The instrument contains a clause in terms as follows:   "Tariff rate on this shipment from Indianapolis to Chicago is thirty per cent higher than the rates herein named, if shipment is not made under this live stock contract."   A contract limiting the liability of a common carrier must be supported by a consideration other than the delivery of the goods and the agreement to transport, such consideration being usually found in a rate reduction.   That clause of the instrument in question above quoted tends to show the existence of such consideration.   Its recitals are not conclusive;

2. but they are *prima facie,* and, in the absence of other evidence upon the subject, would entitle appellant to a finding in its favor. *United States Express Co.* v. *Joyce* (1905), *ante,* 1; *Lake Erie, etc., R. Co.* v. *Holland* (1904), 162 Ind. 406, 63 L. R. A. 948.

3. This statement, in the nature of an admission, would be competent against the party making it, however evidenced.

The instrument offered in evidence contains the statement of a consideration rendered by appellant. If there was in fact no consideration, it must be determined from all the evidence relevant; and, no matter how well founded the claim may be, it did not justify the exclusion of the contract.

4. The practice declared in *Lake Erie, etc., R. Co.* v. *Holland, supra,* requires one who has signed a contract which he claims is invalid because of the want of consideration to aver and prove facts from which the invalidity arises. *Evansville, etc., R. Co.* v. *McKinney* (1905), 34 Ind. App. 402. This procedure places the burden upon the shipper, but the incongruity therein is not of general importance; the procedure in cases not founded on breach of the special contract, and arising since the act of February 27, 1905 (Acts 1905, p. 58, §3297a *et seq.* Burns 1905), being governed by it.

5. It does not appear upon the face of the contract that it is one inhibited by the interstate commerce act, and in the absence of extrinsic facts the court declines to consider the question argued.

Inasmuch as the judgment will have to be reversed for the error indicated, other questions not likely to arise upon a retrial do not need to be taken up.

Judgment is reversed, and cause remanded, with instructions to the court to sustain appellant's motion for a new trial, and to permit appellee to amend his complaint, if he so desires.